IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

RICKEY WHITE,

    Petitioner,

v.    Case No. CIV 12-001-RAW-KEW

RANDALL WORKMAN, Warden,

    Respondent.

## OPINION AND ORDER

Petitioner Rickey White, an inmate incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed yet another petition for a writ of habeas corpus, challenging his first-degree murder conviction and life sentence in Choctaw County, Oklahoma, Case No. CRF-81-83. The record shows that petitioner filed a previous habeas corpus petition in this court, challenging his conviction and sentence in Choctaw County District Court Case No. CRF-81-83, and that action was dismissed as barred by the statute of limitations. *White v. Gibson*, No. CIV 00-075-FHS (E.D. Okla. Mar. 31, 2003), *aff'd*, No. 03-7054 (10th Cir. Oct. 22, 2003).

Petitioner has continued to file post-conviction applications in state court, but in 2008 the Oklahoma Court of Criminal Appeals barred him from seeking further relief from his Judgment and Sentence in CRF-81-83. *White v. State*, No. PC-2008-731 (Okla. Crim. App. Oct. 24, 2008). On April 30, 2009, the Tenth Circuit Court of Appeals denied petitioner's second motion for authorization to file a second or successive petition, finding he had "failed to make a prima facie showing of new facts." *In re White*, No. 09-7045, slip op. at 2 (10th

Cir. Apr. 30, 2009). The court, therefore, construes this action as a second or successive petition.

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted). *See also Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases). Because petitioner has failed to obtain authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2254 petition, this action is dismissed for lack of jurisdiction.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

**IT IS SO ORDERED** this 12th day of January 2012.

*[signature]*

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE